IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIETNAM HELICOPTERS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-01743-MMC<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 4 |

　　　Before the Court is plaintiff Vietnam Helicopters' "Ex Parte Application for a Temporary Restraining Order," filed March 30, 2017. Having read and considered the application, the Court rules as follows.

　　　In its complaint, filed March 29, 2017, plaintiff alleges it recently filed with the Federal Aviation Administration ("FAA") an administrative claim against defendants County of Contra Costa, the Contra Costa County Airports Division and the Contra Costa County Board of Supervisors, in which administrative claim plaintiff asserts defendants, in violation of 49 U.S.C. § 47101, et seq. and, specifically, 49 U.S.C. § 7107(a)(1), "unlawfully discriminated" against plaintiff in connection with plaintiffs' efforts to lease a hangar at Buchanan Field in Concord, California, for purposes of "operat[ing] a flying museum." (See Compl. ¶¶ 2, 10, 24.) Plaintiff further alleges that on March 28, 2017, defendants "approve[d] a lease" with Conco Aviation Center, LLC ("Conco") for the hangar at issue, which lease has a "commencement date of April 1, 2017." (See Compl. ¶ 42.)

　　　By the instant application, plaintiff seeks an order enjoining defendants from leasing the subject hangar to Conco or anyone else "until after the [FAA] has completed

its investigation of [plaintiff's] recent complaints, issued a final decision and all appeals thereto have lapsed." (See Appl. at 1:26 - 2:1.)  The Court finds plaintiff has, for two reasons, failed to show its entitlement to a temporary restraining order.

First, a temporary restraining order may not issue in the absence of "notice to the adverse party or its attorney" unless "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  See Fed. R. Civ. P. 65(b).  Here, although a declaration filed in support of the application states plaintiff has not served defendants (see Petersen Decl. ¶ 7), plaintiff's counsel subsequently advised the Clerk of Court by telephone that defendants' counsel has been served electronically.  Plaintiff, however, has not served the application on Conco, which, given the relief sought, would appear to be a necessary party, see Fed. R. Civ. P. 19(a)(1)(B), and plaintiff has not indicated why said entity should not be joined and served.

Second, plaintiff has failed to show the requisite likelihood of success on the claim alleged in the instant action.  See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987) (holding "injunction should not issue" where moving party fails to demonstrate "a fair chance of success on the merits, or questions serious enough to require litigation").  In particular, plaintiff's complaint is based on an allegation that, as of the date plaintiff filed the above-referenced administrative claim with the FAA, defendants were prohibited from leasing the hangar to anyone.[1]  In support thereof, plaintiff cites to "14 C.F.R. § 16.1, et seq." (see Compl. ¶¶ 44, 46, 49), the regulations governing the administrative process invoked by plaintiff against defendants.  Plaintiff fails, however, to identify within those numerous sections a specific regulation providing the alleged

---

[1] Plaintiff acknowledges its claim of unlawful discrimination is not before this Court, as such claim is "within the exclusive jurisdiction of the FAA." (See Appl. at 10:17-19.)

2

1  preclusive effect, let alone any authority empowering a district court to interject itself into
2  an adjudicatory process that appears designed to exclude it.  See 14 C.F.R. §§ 16.1(a),
3  16.11 (providing claims under § 47101, et seq., are to be filed with and heard by FAA); 49
4  U.S.C. § 46110(a) (providing appeal from final decision of FAA is to be taken directly to
5  "court of appeals of the United States").

Accordingly, the application is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  March 31, 2017

MAXINE M. CHESNEY
United States District Judge